UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:18-cr-445

        Plaintiff,

    v.   MEMORANDUM OPINION
         AND ORDER

Osha Carter,

        Defendant.

### I.  INTRODUCTION AND BACKGROUND

*Pro se* defendant Osha Carter, an inmate at FCI Terre Haute in Terre Haute, Indiana, has filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), by modifying his sentence and placing him on home confinement for the remainder of his prison term. (Doc. No. 22). The government opposes Carter's motion, arguing he has not established extraordinary and compelling reasons to justify modification of his sentence and that he would pose a danger to the community if released from the custody of the Bureau of Prisons. (Doc. No. 23).

On August 8, 2014, Carter was indicted on one count of illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). Carter pled guilty on December 6, 2018, and I subsequently sentenced him to 46 months in prison, to be followed by a supervised release term of 3 years. (Doc. No. 20). Carter did not appeal.

Carter requests that his sentence be modified so that he can serve the remainder of his prison term on home confinement, due to his fears of contracting the Covid-19 virus while

incarcerated. (Doc. No. 22). The government argues Carter has not identified any specific personal risk factors that elevate his general fears regarding Covid-19 to the level of extraordinary and compelling reasons which justify a modification of his sentence. (Doc. No. 23 at 5-7). The government also contends Carter's past conduct, including his actions while on bond in this case, demonstrates he would pose a danger to the community if permitted to serve the rest of his sentence on home confinement. (*Id.* at 2-4).

## II.    ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Carter indicates he has complied with § 3582's exhaustion requirement, as he states he waited more than 30 days after he submitted his compassionate release request to the warden's office at FCI Terre Haute before filing his motion for compassionate release. (Doc. No. 22 at 1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). Carter argues the prevalence of Covid-19 within the institution places him at significant risk. While I have no reason to doubt Carter's concern for his health, a fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify his sentence. *See, e.g.,* *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

### III. CONCLUSION

For these reasons, I conclude Carter has not met his burden of demonstrating that a modification of his sentence would be consistent with applicable federal law. Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge